T.C. Summary Opinion 2002-29


UNITED STATES TAX COURT


GUIDO LEMOS AND ADABELLE HERRERA-LEMOS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4749-00S.                    Filed March 29, 2002.


Guido Lemos and Adabelle Herrera-Lemos, pro sese.

<u>Nancy L. Spitz</u>, for respondent.


<u>CARLUZZO</u>, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for 1996.  Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,653 in petitioners' 1996 Federal income tax. The issues for decision are: (1) Whether petitioners are entitled to certain employee business expense deductions claimed on a Schedule A, Itemized Deductions; and (2) whether petitioners are entitled to certain business expense deductions claimed on a Schedule C, Profit or Loss From Business.

Background

Some of the facts have been stipulated and are so found. Petitioners are husband and wife. At the time that the petition was filed, they resided in Hollywood, Florida. References to petitioner are to Adabelle Herrera-Lemos.

Petitioner was self-employed as a real estate agent from May through December during the year in issue. She was associated with Sato Realty, Inc., a real estate broker, and compensated exclusively on a sales commission basis. On September 18, 1996, petitioner leased a 1996 Honda Accord. The monthly lease payment was $255.13, payable on the 20th day of each month. Petitioner used this car in connection with her employment as a real estate agent.

Guido Lemos was employed full-time as a supervisor for the service support department at Cintas Corporation (Cintas); he also worked part-time for Enterprise Leasing Company preparing rental cars for customers.

Petitioners filed a timely joint 1996 Federal income tax return which was prepared by a professional income tax return preparer. Petitioners elected to claim itemized deductions and included a Schedule A with their return. Of relevance here, on the Schedule A, they claimed an employee business expense deduction of $5,174, related to Guido Lemos' employment with Cintas.

Petitioners' 1996 return also includes a Schedule C on which the following items attributable to petitioner's employment as a real estate agent are reported:

|  | Amount |
|---|---|
| Income | $2,550 |
| Deductions: | |
| Car and truck expenses | 2,002 |
| Insurance | 1,400 |
| Legal and professional | 75 |
| Office expenses | 44 |
| Rent or lease (vehicles, machinery, & equip.) | 1,021 |
| Taxes and licenses | 280 |
| Meals and entertainment | 310 |
| Other expenses | 3,765 |
| Total expenses | 8,897 |
| Net loss | 6,347 |

Taking into account the net loss reported on the Schedule C, petitioners reported adjusted gross income of $21,345 on their 1996 return.

The examination of petitioners' 1996 return began sometime prior to June of 1998. On June 12, 1998, petitioners' car was

burglarized.  According to the police report, a briefcase was stolen from the front seat of petitioners' car.

In the notice of deficiency, respondent disallowed the employee business expense deduction claimed on the Schedule A. With respect to the deductions claimed on the Schedule C, respondent disallowed the car and truck expense deduction, the rent or lease expense deduction, and $3,058 of the $3,765 deduction claimed as "Other expenses".  Each deduction was disallowed upon the ground that petitioners failed to establish that "any amount was paid * * * or, if paid, was for ordinary and necessary business or investment expenses".  Other adjustments made in the notice of deficiency need not be discussed.

## Discussion

### 1. Schedule A Employee Business Expense Deduction

During 1996, Guido Lemos was employed as a supervisor in the shipping department of Cintas.  According to petitioners, it was his responsibility to ensure that the delivery trucks dispatched from the company contained the proper cargo.  According to petitioners, if an item was erroneously omitted from a designated shipment, Mr. Lemos, without his employer's knowledge, used his own car to deliver the item to the customer, sometimes at substantial distances from his place of work.  The deduction claimed for employee business expenses consists of automobile and other travel expenses claimed to have been incurred by Mr. Lemos

in the course of delivering various items to his employer's customers.

In general, a taxpayer is entitled to deductions for ordinary and necessary trade or business expenses. Sec. 162(a). Trade or business expense deductions are allowed to those taxpayers who are self-employed as well as those taxpayers who are engaged in the trade or business of being an employee. Primuth v. Commissioner, 54 T.C. 374, 377 (1970); Christensen v. Commissioner, 17 T.C. 1456 (1952).

During 1996, Mr. Lemos was an employee of Cintas. However, nothing in the record suggests that, as a condition of that employment, Mr. Lemos was required or expected to use his own car for delivery purposes. That being so, the expenses, even if incurred, are not deductible. Schmidlapp v. Commissioner, 96 F.2d 680 (2d Cir. 1938); Eder v. Commissioner, T.C. Memo. 1981-408. Respondent's determination disallowing the deduction for employee business expenses is, therefore, sustained.[1]

---

[1] The disallowance of this itemized deduction in and of itself reduces the total of other itemized deductions to an amount below the standard deduction applicable to married individuals who elect to file a joint return. Consequently, respondent computed the deficiency here in dispute by disallowing all itemized deductions and allowing the appropriate standard deduction. Because we have sustained respondent's disallowance of the employee business expense deduction, it is unnecessary to address the dispute between the parties with respect to the proper amount of petitioners' medical expense deduction.

2.  Schedule C Business Expense Deductions

There is no dispute between the parties that petitioner was an independent real estate sales agent during 1996.  The income and deductions attributable to petitioner's activities as a real estate agent are reported on the Schedule C included with petitioners' 1996 return.  Some of the deductions claimed on the Schedule C were disallowed for a variety of reasons, including lack of substantiation.

As a general rule, taxpayers must keep sufficient records to establish the amounts of their claimed deductions.  Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965); sec. 1.6001-1(a), Income Tax Regs.  In this case, petitioners claim that while they maintained sufficient tax and business records, the records that provide substantiation for the deductions here in dispute were in the briefcase that was stolen from their car.  Accepting petitioners' explanation on the matter, we address each of the disallowed Schedule C deductions separately.

Deductions for otherwise deductible car and truck expenses are subject to strict substantiation requirements.  Sec. 274(d); sec. 1.274-5T(b)(2) and (3), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46015 (Nov. 6, 1985).  If records required to substantiate a deduction for car expenses are lost through circumstances beyond the taxpayer's control (such as theft), the

taxpayer may substantiate the deduction through the use of a reasonable reconstruction of the lost records. Sec. 1.274-5T(c)(4) and (5), Temporary Income Tax Regs., 50 Fed. Reg. 46021-46022 (Nov. 6, 1985). Here, no attempt to reconstruct petitioners' records was made. Petitioners described the type of records claimed to have been maintained and stolen, but, except for petitioner's generalized testimony on the point, they did not provide the Court with sufficient information that would allow the lost records, if any, to be reasonably reconstructed. Because petitioners failed to substantiate, either by original or reconstructed records, the deduction claimed for car and truck expenses, respondent's disallowance of that deduction is sustained.

The deduction for the lease expense relates to the Honda Accord. We accept petitioner's estimate that 60 percent of the usage of this car related to her business. According to the lease, four monthly payments of $255.13 were due during 1996. We accept petitioner's testimony that all four of these payments, totaling $1,020.52, were made as due during 1996. They are entitled to a deduction of 60 percent of this amount.

The $3,765 deduction for "Other expenses" consists of the following items:

| | |
|---|---|
| State exam | $185 |
| School course | 250 |
| Cellular phone & beeper | 1,200 |
| Clothes & cleaning | 1,440 |
| Shoes | 150 |
| Insurance | 20 |
| Supra key pad & lock box | 120 |
| Electronic organizer | 300 |
| Miscellaneous | 100 |

In the notice of deficiency, respondent disallowed $3,058 of the total amount, allowing petitioners a $707 deduction for the above expenses. Respondent did not identify which of the above items were allowed, and, based on the record, we were not able to ascertain the combination of the above items that totals $707.

Nevertheless, ignoring the mathematics and keeping in mind that petitioners failed to substantiate any of the expenses, we note the following with regard to some of the larger expense items listed above. The expenses for clothes, cleaning, and shoes would not be deductible even if paid and substantiated. Petitioner's testimony establishes that the clothing to which the expenses relate is suitable for general usage. Consequently, the expenses are personal in nature and may not be deducted. Sec. 262(a); Hynes v. Commissioner, 74 T.C. 1266, 1290 (1980); Foster v. Commissioner, T.C. Memo. 1990-427. We think it highly unlikely that any of the $707 allowed by respondent is attributable to a portion of the deductions for clothes, cleaning, and shoes.

The deduction for cell phone and beeper expenses is subject to the same strict substantiation requirements as the car expenses, as discussed above. Secs. 274(d), 280F. Petitioners' failure to substantiate the expense by original or reasonably reconstructed records is grounds for disallowing the deduction. Again, we think it highly unlikely that respondent allowed any portion of the deduction for cell phone and beeper expenses.

The remaining items included in the deduction for "Other expenses" total slightly more than the $707 allowed by respondent. That being the case, it appears that respondent has already allowed, in the absence of substantiating records, the majority of these items. We find no basis in the record for increasing that amount.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered under Rule 155.